[Civ. No. 538. Fourth Appellate District.—December 31, 1930.]

ERICH P. SCHWANDT, Petitioner, v. JUSTICE'S COURT OF SAN DIEGO TOWNSHIP et al., Respondents.

Brooks Gifford, William E. Fox and Stickney & Stickney for Petitioner.

Chester Allan Smith for Respondents.

CARY, P. J.—The petition for a writ of prohibition alleges in substance that in an action to which petitioner is not a party a certain automobile upon which petitioner holds a $1500 mortgage has been attached under a writ issuing from the Justice's Court of San Diego Township, that petitioner duly filed a third party claim for said property, that the plaintiff in said action filed a bond to indemnify the

constable, that the constable now holds said property and that proceedings have been instituted in said Justice's Court to try the title to said automobile under the provisions of Code of Civil Procedure, section 689, that petitioner filed objections in said Justice's Court upon the grounds that said court was without jurisdiction to try said title, that said objections were overruled and that said court will proceed to try said title unless prohibited therefrom.

Petitioner's chief contention is that the Justice's Court is without jurisdiction for the reason that Code of Civil Procedure, section 689, in so far as it provides for a method of trying title to attached property, does not apply to justices' courts.

The article in the Code of Civil Procedure dealing expressly with procedure on attachment in justices' courts is very brief and includes but four sections—866–869, inclusive—but by the provisions of the last of these—section 869—certain other sections of that code regarding attachments in the superior court are also made applicable to the justices' courts, among them being section 549.

That section as it has stood since amended in 1891 (Stats. 1891, p. 20), provides: "If any personal property attached be claimed by a third person as his property, the same rules shall prevail as to the contents and making of said claim, and as to the holding of said property, as in case of a claim after levy upon execution, as provided for in section six hundred and eighty-nine of the Code of Civil Procedure."

Turning now to section 689 and tracing its history we find that the same session of the legislature which amended section 549 to read as given above, amended section 689 to read as follows: "If the property levied on be claimed by a third person as his property by a written claim verified by the oath of said claimant, setting out his title thereto, his right to the possession thereof, and stating the grounds of such title, and served upon the sheriff, the sheriff is not bound to keep the property, unless the plaintiff, or the person in whose favor the writ of execution runs, on demand, indemnify the sheriff against such claim by an undertaking by at least two good and sufficient sureties; and no claim to such property is valid against the sheriff, or shall be received, or be notice of any rights, unless made as above provided."

As these two sections then stood, the construction of the language of section 549 presents no difficulty, since clearly its language related to and embraced the whole of the then provisions of section 689.

However, in 1929 the legislature amended section 689 (Stats. 1929, p. 661), modifying in several particulars the procedure theretofore embodied in that section, and in addition adding an entirely new paragraph as follows: ''Whenever a verified third party claim is served upon the sheriff, upon levy of execution, the plaintiff, or the person in whose favor the writ of execution runs, shall be entitled to a hearing within twenty days therefrom, before the court having jurisdiction of the action, in order to determine title to the property in question, which hearing must be granted by the said court upon the filing of an application or petition therefor. Ten days' notice of such hearing must be given to all parties claiming an interest in the property, or their attorneys, which notice must specify that the hearing is for the purpose of determining title to the property in question. The court may continue the hearing beyond the said twenty-day period, but good cause must be shown for any such continuance.''

It is under this last-quoted provision that the Justice's Court in the case at bar is assuming to act. The question presented then is, where property has been attached under a writ issued from a justice's court, a third party claim made to said property, and an indemnity bond given the constable by the attaching creditor, does the justice's court have jurisdiction to hear a petition to determine title to the property under the provisions of section 689?

If section 549 stated merely that the same procedure should be followed in attachments, as provided by section 689 for execution, no question such as that here presented could arise. But it does not so state. What it does state is that, ''as to the *contents and making of said claim* and as to the *holding of said property*'' the same rules as provided by section 689 shall prevail. This language is specific and, so far as attachments are concerned, limits the scope of section 689 to two matters—the making of the claim and the holding of the property. When we consider the further well-established principle that the justice's court is a court of limited jurisdiction and that nothing is to be pre-

sumed in favor of its jurisdiction it is clear that, as applied to justices' courts at least, the language of section 549 may not be taken to include the new procedure for trying title provided for by the 1929 amendment to section 689.

It is ordered that the writ of prohibition issue as prayed for.

Marks, J., and Barnard, J., concurred.